

**NUMBER 13-18-00184-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

DANNY LEE SCHANFISH,                                                    Appellant,

**V.**

THE STATE OF TEXAS,                                                      Appellee.

---

**On Appeal from the 258th District Court
of Polk County, Texas.**

---

# ORDER ABATING APPEAL

### Before Justices Rodriguez, Contreras, and Benavides
### Order Per Curiam

Counsel for appellant filed an *Anders*[1] brief on August 10, 2018.[2]  The Clerk of

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

this Court notified counsel by letter dated August 10, 2018 and August 27, 2018, that appellant's brief failed to provide adequate documentation demonstrating compliance with *Anders v. California* and *Kelly v. State.* *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

The Clerk directed counsel to file appropriate documentation within seven days. Specifically, counsel was advised to: 1) file a motion to withdraw as counsel and serve a copy of the motion on the appellant; 2) inform appellant of his right to file a pro se response within 30 days of the motion to withdraw; 3) inform appellant that he is entitled to review the appellate record in preparation of a pro se response; 4) provide appellant with a form motion for pro se access to the appellate record, mailing address of this Court, and instructions to file the motion within 10 days; 5) inform appellant of his pro se right to seek discretionary review should the Court of Appeals declare his appeal frivolous; and 6) inform this Court, in writing, that counsel has met the foregoing requirements. To date, counsel has failed to demonstrate compliance.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should

2

be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of September, 2018.